UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALFRED CUNHA,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, et al.,<br><br>    Defendants. | **CASE NO. 1:17-cv-00094-DAD-MJS (PC)**<br><br>**ORDER:**<br>  **(1) DENYING REQUEST FOR COUNSEL**<br>  **(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br>  **(3) DENYING MOTION FOR UNLIMITED FREE LEGAL MAILING AND LEGAL CALLS**<br><br>**(ECF No. 1)**<br><br>**THIRTY-DAY DEADLINE TO AMEND** |

Plaintiff is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff's January 20, 2017 complaint is before the Court for screening. (ECF No. 1.) Plaintiff has declined Magistrate Judge jurisdiction. (ECF No. 4.) No other parties have appeared in the action.

## I. Screening Requirement

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of

2

meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.    Plaintiff's Allegations

Plaintiff's claims stem from his incarceration in the Stanislaus County Jail in Modesto, California. He does not state whether he is pre- or post-conviction. He brings this action against the California Forensic Medical Group ("CFMG"); the Stanislaus County Jail ("the Jail"); GSA Services ("GSA") of the county maintenance department; Lt. Mike Dailey, Sgt. Chad Blake, and retired Sgt. Vince Truffa, all of the Jail; and Nurses Barbara and Joe C. and Nurse Practitioner Tonya of the CFMG.

His allegations may be summarized essentially as follows:

Plaintiff seriously injured his leg when he fell from a faulty ladder while he was working on top of a four-story building at the Jail. CFMG is the medical provider at the Jail. Rather than transfer Plaintiff directly to a worker's compensation doctor, the medical staff at the Jail treated Plaintiff's injury themselves, even though they were not qualified to do so. Because of ongoing complications, Plaintiff was sent to a worker's compensation doctor six months later. Plaintiff states he is permanently disfigured.

GSA provided Plaintiff with the faulty ladder. Defendants Dailey, Blake, and Truffa failed to provide Plaintiff with necessary safety equipment. Dailey, Blake, and Truffa also made Plaintiff work in buildings contaminated with asbestos and lead paint, without protection, over a four and a half year period. They did not inform Plaintiff of these hazardous conditions until after he began complaining of headaches and breathing troubles.

Dailey and Blake prevented Plaintiff from obtaining legal representation. Blake denied Plaintiff medical treatment and stopped Plaintiff's outgoing mail. Blake, along with other deputies, threatened and harassed Plaintiff. Plaintiff has documentation of these threats and retaliatory acts, although these documents are not attached to Plaintiff's complaint.

Plaintiff alleges violations of the Eighth and Fourteenth Amendment. He seeks compensatory and punitive damages. He seeks a Court order directing the Jail to provide

Plaintiff with free, unlimited legal mail and telephone calls. He also asks if the Court will provide him counsel.

**IV.     Request for Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

Plaintiff's request for counsel will therefore be denied without prejudice.

**V.     Screening of Complaint**

    **A.     Municipal Entity Liability**

Plaintiff sues the CFMG, GSA, and the Stanislaus County Jail. He thus appears to make a Monell claim.

"[S]ection 1983 imposes liability only on 'persons' who, under color of law, deprive

4

others of their constitutional rights, [and] the Supreme Court has construed the term 'persons' to include municipalities such as the County." Castro v. Cty. of Los Angeles, 797 F.3d 654, 670 (9th Cir. 2015) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978)). Counties and their entities may not be held liable for the actions of their employees under a theory of *respondeat superior*, but they may be held liable for a constitutional violation if an action taken pursuant to a policy, be it a formal or informal policy, caused the violation. Castro, 797 F.3d at 670 (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 131 (1989) and Monell, 436 U.S. at 691) (quotation marks omitted); see also Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (municipal liability claim cannot be maintained unless there is an underlying constitutional violation).

Municipal liability may also be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson v. Cty. Of Washoe, Nev., 290 F.3d 1175, 1186 (9th Cir. 2002). Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. Id. at 1195.

Finally, private individuals not employed by the prison or another state agency do not act under color of state law unless they are so closely affiliated with the state that their conduct "may fairly be treated as that of the state itself." Jensen v. Lane Cty., 222 F.3d 570, 575 (9th Cir. 2000) (citing Jackson v. Metro. Edison Co., 418 U.S. 345, 350 (1974).

In this case, Plaintiff alleges the CFMG was the medical provider for the Stanislaus County Jail, a public entity. He has sufficiently alleged that CFMG was acting under color of state law. Jensen, 222 F.3d at 575. Plaintiff has not, however, explained how GSA was acting under color of state law; indeed, the Court cannot ascertain exactly what

"GSA" is. Nor has Plaintiff linked the underlying violation of his rights by any of these entities to a policy or practice attributable to the county, or provided any facts showing that the county knew of, and blatantly ignored, constitutional violations committed by its entities. Therefore, all claims against CFMG, GSA, and the Jail will be dismissed with leave to amend. Should Plaintiff amend, he should clarify what type of entity GSA is, how it is associated with the county, and how its conduct was pursuant to government policy or practice.

### B. Linkage

Plaintiff sues several individual members of the CFMG nursing staff. He does not, however, state with specificity what each individual did to violate his rights.

Under § 1983, Plaintiff must demonstrate that each named defendant *personally* participated in the deprivation of his rights. Ashcroft, 556 U.S. at 676-7; Simmons, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013).

Accordingly, Plaintiff's claims against Nurse Practitioner Tonya and Nurses Barbara and Joe C. will be dismissed with leave to amend.

### C. Conditions of Confinement

Plaintiff claims Defendants violated the Eighth Amendment when they failed to properly treat his leg injury and subjected him to unsafe working conditions. As Plaintiff's status is unclear, the Court will advise Plaintiff of the pleading standards under both the

Eighth Amendment, which prohibits cruel and unusual punishment of prisoners, and the Fourteenth Amendment due process clause, which protects pretrial detainees. For the reasons stated below, Plaintiff's claims fail under both the Eighth and Fourteenth Amendments, however he will be given leave to amend. Plaintiff should clarify whether he is pre- or post-conviction in his amended complaint.

### 1.     Eighth Amendment

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson, 503 U.S. at 9 (citations and quotations omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "Deliberate indifference describes a state of mind more blameworthy than negligence" but is satisfied by something "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835.  For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Plaintiff claims Defendants Dailey, Blake, and Truffa subjected Plaintiff to hazardous working conditions by forcing him to work in buildings contaminated by asbestos and lead paint for four and a half years without proper protection. Plaintiff did not learn of the contamination until he complained of headaches and breathing problems. These facts are insufficient to demonstrate that these defendants were deliberately

indifferent to Plaintiff's objectively serious risk of harm. First, the mere fact that asbestos or lead paint were present does not, in itself, create an objectively serious risk; Plaintiff has not alleged that the conditions he worked under, or the type of work he performed, created a substantial likelihood that he would be harmed by these contaminants. Plaintiff's claim that he suffered headaches and breathing problems is unavailing; he fails to link these ailments to his exposure to these environmental hazards. Second, there is no evidence that any Defendant knew about these hazards and deliberately failed to take steps to minimize the risk Plaintiff faced. As for Defendants' failure to provide appropriate safety equipment, Plaintiff provides no details as to the type of equipment he should have received or how Defendants were in the position to provide it and yet failed to do so. Plaintiff will be given leave to amend.

Plaintiff also claims GSA violated the Eighth Amendment when it supplied Plaintiff with a faulty ladder. As stated above, Plaintiff has not sufficiently alleged that GSA was acting under color of state law and pursuant to a government policy. Even assuming it was, Plaintiff has not shown how GSA should have known that the ladder would lead to Plaintiff's injury. Plaintiff's claim in this regard will be dismissed with leave to amend as well.

Finally, Plaintiff provides no more than conclusory allegations surrounding the insufficient medical treatment he received for his leg injury. Plaintiff will be given leave to amend to plead more facts describing 1) how his injury was sufficiently serious, and 2) how each staff member's response to the injury was constitutionally deficient. Plaintiff's medical care claims against Blake are likewise dismissed with leave to amend, as Plaintiff does not provide any details about his denial of medical care.

### 2. Fourteenth Amendment

Conditions of confinement claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003). The standard applicable to a pretrial detainee's claim for conditions of confinement and

inadequate medical care under the Fourteenth Amendment is presently not clear. In the past, such claims were subject to the same state of mind requirement as an Eighth Amendment violation, i.e., subjective and deliberate indifference to a substantial risk of serious harm. See Clouthier v. Cty. of Contra Costa, 591 F.3d 1232 (9th Cir. 2010). However, that holding was called into question by the United States Supreme Court in a Fourteenth Amendment excessive force case, Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). Most recently, the Ninth Circuit extended the Kingsley rationale to a Fourteenth Amendment failure-to-protect claim. Castro v. Cty. of Los Angeles, No. 12-56829, 2016 WL 4268955, at *7 (9th Cir. Aug. 15, 2016) (en banc) (slip op). Although Castro did not expressly extend its holding to other Fourteenth Amendment violations, the Court sees no reason why the same rationale should not apply to other Fourteenth Amendment conditions of confinement and medical care claims.

Accordingly, in order to proceed on such claims, Plaintiff must allege "(1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries." Id. With respect to the third element, the defendant's conduct must be "objectively unreasonable." Id. (citing Kingsley, 135 S. Ct. at 2473).

Analyzing Plaintiff's conditions of confinement claims under this rubric, there is no evidence that any Defendant made an intentional decision with regards to Plaintiff's working conditions that placed Plaintiff at risk of suffering a foreseeable harm. There is no evidence that these Defendants knew about the hazards, let alone that they were in a position to minimize the risk Plaintiff faced. Nor is it evident that Plaintiff's headaches and breathing problems were in fact caused by the asbestos and/or lead. Plaintiff will be given leave to amend.

Likewise, as to Plaintiff's claim that GSA supplied Plaintiff with a faulty ladder, even assuming GSA was acting under color of state law and pursuant to a government policy or practice, Plaintiff provides no details whatsoever about the circumstances under which GSA provided him with the ladder. Plaintiff will be given leave to amend.

Finally, as to Plaintiff's medical care claims, Plaintiff merely puts forth the conclusory allegation that medical staff failed to properly treat his leg injury. The complaint is silent on the nature of the treatment provided, Plaintiff's leg injury, or the complications Plaintiff suffered. Plaintiff does not explain why the medical staff of CFMG was unqualified to treat his injury, nor does he explain how any medical staff member made an intentional decision with regard to Plaintiff's leg injury that led to the harm he allegedly suffered. Plaintiff must also provide more details about Blake's supposed denial of medical care. Plaintiff will be given leave to amend.

### D. Right to Counsel

Plaintiff claims Defendants denied Plaintiff access to legal counsel. Other than Blake's supposed interference with Plaintiff's mail, the Court does not see how Defendants did so. As explained, Plaintiff has no constitutional right to counsel in a § 1983 action. However, Plaintiff does have a constitutional right of access to the courts, see, e.g., Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011), and that right includes the right to send and receive legal mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).

The right of access to the courts is limited to bringing complaints to federal court in direct criminal appeals, habeas petitions, and civil rights actions. Lewis v. Casey, 518 U.S. 343, 354 (1996). It is not a right to discover such claims or to litigate them effectively once filed with a court. Id. at 354-55. A plaintiff must show that he suffered an "actual injury," i.e., prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Id. at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

Where a prisoner asserts a backward-looking denial of access to the court claim –

one seeking a remedy for a lost opportunity to present a legal claim – he must show: 1) the loss of a "non-frivolous" or "arguable" underlying claim, 2) "the official acts frustrating the litigation," and 3) "a remedy that may be awarded as recompense but [that is] not otherwise available in some suit that may yet be brought." Christopher v. Harbury, 536 U.S. 403, 415, 417 (2002) (noting that a backward-looking denial of access complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued.").

Interference with outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413 (1974) (limited by Thornburgh v. Abbott, 490 U.S. 401, 413–14 (1989), only as test relates to incoming mail). Prison officials cannot read legal mail, although they may scan it and inspect it for contraband. Nordstrom v. Ryan, 762 F.3d 903, 906 (9th Cir. 2014).

Here, Plaintiff states only cursorily that Blake stopped Plaintiff's mail from going out. He does not explain how Blake stopped his mail, or how Blake's conduct resulted in the denial of Plaintiff's access to the courts. Plaintiff will be given leave to amend. If Plaintiff chooses to amend, he must state with specificity what each Defendant did to impede Plaintiff's ability to obtain legal representation.

### E.   Retaliation

It is well-settled that § 1983 provides for a cause of action against prison officials who retaliate against inmates for exercising their constitutionally protected rights. Pratt v. Rowland, 65 F.3d 802, 806 n. 4 (9th Cir. 1995) ("[R]etaliatory actions by prison officials are cognizable under § 1983.") Within the prison context, a viable claim of retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his constitutional rights, and (5) the action did

not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, filing a complaint or grievance is constitutionally protected. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

With respect to the fourth prong, the correct inquiry is to determine whether an official's acts "could chill a person of ordinary firmness from continuing to engage in the protected activity[]." Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006); see also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Plaintiff alleges Defendants Blake and Dailey prevented Plaintiff from obtaining legal representation. Blake denied Plaintiff medical treatment and blocked Plaintiff from sending mail. Blake, along with other deputies, also threatened Plaintiff and carried these threats out. It is not entirely clear what protected conduct of Plaintiff's motivated these actions. If Plaintiff means to allege that Defendants' actions were in retaliation for his

filing a complaint or grievance, he must make that clear. Furthermore, Plaintiff must specify what sort of threats were made and carried out. Plaintiff will be given leave to amend.

### F. State Law Claims

Plaintiff's allegations may state a claim for negligence under California tort law. This Court may exercise jurisdiction over a state law claim pursuant to 28 U.S.C. § 1367(a), which states in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," except as provided in subsections (b) and (c). "[Once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." ACI v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board ("the Board"), formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Govt. Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Super. Ct. of Kings Cty. (Bodde), 90 P.3d 116, 124 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Super. Ct., 90 P.3d at 124; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). An action must be commenced within six months after the claim is acted upon or is deemed to be rejected. Cal. Govt. Code § 945.6; Moore v. Twomey, 16 Cal. Rptr. 3d 163 (Cal. Ct. App. 2004).

Should Plaintiff wish to proceed on a claim of negligence against any Defendant, he must allege both a cognizable federal claim and compliance with the Tort Claims Act. The standard for a negligence claim is below.

### 1. Negligence

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). Under California law, "'[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008)).

In a negligence action the plaintiff must show the defendant's act or omission (breach of duty) was a cause of the plaintiff's injury. Jackson v. Ryder Truck Rental, Inc., 16 Cal. App. 4th 1830, 1846 (1993). The element of causation generally consists of two components. Id. at 1847. The plaintiff must show (1) the defendant's act or omission was a cause in fact of the plaintiff's injury, and (2) the defendant should be held responsible for negligently causing the plaintiff's injury. Id. The second component is a normative or evaluative one that asks whether the defendant should owe the plaintiff a legal duty of reasonable care under the circumstances of the case.

## VI. Motion for Free Legal Mailing and Calls

Finally, Plaintiff seeks an order directing jail administrators to provide Plaintiff with free, unlimited legal mailing and legal calls.

Plaintiff's request is appropriately construed as a request for preliminary injunctive relief. "A preliminary injunction is an extraordinary remedy never awarded as of right," Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

14

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). Alternatively, a preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

Here, Plaintiff has not made the required showing to merit the grant of preliminary injunctive relief. At this early stage in the proceedings, the Court cannot conclude that Plaintiff is likely to succeed on the merits of his claim. Furthermore, there is no indication that Plaintiff will suffer irreparable harm if he is not granted the requested relief. Nor does the balance of equities tip in Plaintiff's favor, or is an injunction in the public interest. For the foregoing reasons, the Court will deny Plaintiff's request for injunctive relief.

**VII.  Conclusion, Order, and Recommendation**

Plaintiff's complaint fails to state a cognizable claim. The Court will provide Plaintiff the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If Plaintiff chooses not to amend, and instead wishes to voluntary dismiss his case without prejudice, he must so notify the Court.

The Court advises Plaintiff an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading,"

Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for counsel (ECF No. 1) is DENIED without prejudice;
2. Plaintiff's motion for preliminary injunctive relief (ECF No. 1) is DENIED;
3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;
4. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint filed January 20, 2017;
5. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
6. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to obey a court order, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   March 21, 2017              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE