UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALFRED CUNHA,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, et al.,<br><br>Defendants. | **CASE NO. 1:17-cv-00094-DAD-MJS (PC)**<br><br>**ORDER VACATING ECF NO. 15**<br><br>**<u>CORRECTED</u> ORDER DIRECTING PLAINTIFF TO FILE EITHER AN AMENDED COMPLAINT, A REQUEST FOR RECONSIDERATION, A NOTICE OF APPEAL, OR A STATEMENT OF INTENT TO STAND ON HIS FIRST AMENDED COMPLAINT**<br><br>**(ECF No. 14)**<br><br>**FOURTEEN DAY DEADLINE** |

This Court's June 15, 2017, Order (ECF No. 15) in this case contains errors, and is hereby VACATED. Plaintiff should disregard it.

Plaintiff is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 16, 2017, Plaintiff's first amended complaint was dismissed and he was given thirty days leave to amend. (ECF No. 13.)

On June 9, 2017, Plaintiff filed a "Motion to File an Appeal." (ECF No. 14.) Plaintiff complains that his limited education and lack of access to legal resources have rendered him unable to "complete [his] civil rights complaint to the Court's satisfaction."

It is unclear from this filing what Plaintiff wishes to do. Because the Court is unable to discern how Plaintiff wishes to proceed, his Motion to File an Appeal will be denied without prejudice.

To the extent Plaintiff seeks higher review, his case is not yet ripe (ready) for review by the District Court Judge or the Ninth Circuit Court of Appeal because, since this Court granted leave to amend to address the deficiencies identified by the Court, there is as yet no dispositive order for him to appeal.

To the extent Plaintiff wants to ask this Court to reconsider its screening, he does not say what part of the Order he wants reconsidered and he does not identify grounds for reconsideration.

Plaintiff is reminded that he was granted "leave to amend". That gives him an opportunity to try to fix what was wrong with his first amended complaint. If he chooses to amend, he can and should review the Court's Order to see what problems and deficiencies the Court found with the first amended compliant and then try to correct them in a revised version of that complaint called a "Second Amended Complaint." He does not need legal training to do that.

If Plaintiff wishes to stand on his first amended complaint despite the deficiencies that have been identified, he should so state. If he does, the undersigned will recommend the case be dismissed for failure to state a claim, and Plaintiff may challenge that recommendation before the District Court Judge and, if unsuccessful there, in the appellate court.

Lastly, if Plaintiff intends to pursue an unauthorized interlocutory appeal to the Ninth Circuit based on the present record, he should file a notice of appeal clearly identifying the specific order he wishes to appeal from.

Thus, Plaintiff is hereby ORDERED to notify the Court, within fourteen days, whether he seeks reconsideration of the undersigned's screening Order; if so, he must identify where he thinks the Order is wrong and why he thinks it is wrong. Otherwise, he must, within fourteen days of this order, file either an amended complaint, a notice that he wishes to stand and proceed on his First Amended Complaint, a notice of appeal, or a notice of voluntary dismissal. Failure to respond to this order may result in the dismissal of Plaintiff's case for failure to prosecute.

IT IS SO ORDERED.

Dated: June 16, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE