UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALFRED CUNHA,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, et al.,<br><br>Defendants. | **CASE NO. 1:17-cv-00094-DAD-MJS (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 18)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

Plaintiff is a pre-trial detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Plaintiff has declined Magistrate Judge jurisdiction. (ECF No. 4.) No other parties have appeared in the action.

On May 16, 2017, the Court screened Plaintiff's first amended civil rights complaint and found it stated no cognizable claims. (ECF No. 13.) Plaintiff was given leave to file a second amended complaint. He did, and his second amended complaint is before the Court for screening. (ECF No. 18.)

**I. Screening Requirement**

The Court is required to screen complaints brought by inmates seeking relief

against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff's claims stem from his incarceration in the Stanislaus County Jail in Modesto, California. He brings this action against the California Forensic Medical Group ("CFMG"); the Stanislaus County Jail ("the Jail"); Lt. Mike Dailey; Sgt. Chad Blake; and retired Sgt. Vince Truffa.

His allegations may be summarized essentially as follows:

Plaintiff suffered a leg injury after falling from a ladder while working at the Jail. Defendants Dailey, Blake, and Truffa, Plaintiff's immediate supervisors, were notified of Plaintiff's injury. Plaintiff was taken to CFMG, the Jail medical provider, for medical treatment. Plaintiff's supervisors and the CFMG were all notified that Plaintiff's injury was work-related. The CFMG cut open Plaintiff's leg, causing an infection. The infection continued for six months, eventually spreading through Plaintiff's lower leg and leaving it scarred and disfigured. When CFMG could no longer treat the infection, they sent Plaintiff to a "workman's comp doctor," who refused the "claim" due to "prior treatment and liability." Plaintiff states he should have been taken to a "workman's comp doctor" as soon as he was injured.

Defendants Dailey, Truffa, and Blake violated Plaintiff's rights when they directed CFMG instead of a "workman's comp doctor" to treat Plaintiff. CFMG violated his rights by cutting open Plaintiff's leg, thereby causing an infection. Plaintiff is still in need of treatment. He is in constant pain and his injury continues to get worse.

Plaintiff seeks monetary compensation and injunctive relief.

### IV. Discussion

Plaintiff's first civil rights complaint included the above allegations as well as allegations that prison staff gave Plaintiff a defective ladder, which caused his injury, and exposed Plaintiff to asbestos and lead. That complaint was dismissed because Plaintiff's allegations were conclusory and failed to link any Defendant to a violation of his rights (ECF No. 9 at 6-10); Plaintiff was given leave to amend. His first amended complaint was much more detailed, and included allegations against individual medical staff members

3

detailing the treatment he received for his leg injury. The Court dismissed it because it found that Plaintiff's allegations regarding the cause of and treatment for his leg injury failed to rise to the level of a constitutional violation. (ECF No. 13 at 9). However, the Court noted that Plaintiff's claims regarding his exposure to the environmental hazards of lead and asbestos might be curable through amendment, and granted Plaintiff a second opportunity to amend. (Id. at 10.) The second amended complaint contains fewer details than either the first or second complaints, and raises no claims regarding the faulty ladder, environmental hazards, or the actions of individual medical personnel.

For the reasons set forth in the Court's May 16, 2017 screening order and summarized below, the Court will recommend the action be dismissed for failure to state a claim. Given the last two efforts to amend, it is clear further leave would be futile and should be denied.

### A. Municipal Entity Liability

Plaintiff sues the CFMG and the Stanislaus County Jail. He thus appears to make a Monell claim. Plaintiff was previously advised that in order to make such a claim, he must point to a policy or practice attributable to the County, or provide facts demonstrating the County knew of, and blatantly ignored, the constitutional violations committed by its entities. Plaintiff has failed to provide said facts. Therefore, all claims against CFMG and the Jail should be dismissed without further leave to amend.

### B. Conditions of Confinement

Per the Court's May 16, 2017 screening order, Plaintiff was advised that claims brought by pre-trial detainees for conditions of confinement were appropriately pled under the Fourteenth Amendment. As such, in order to proceed on such claims, Plaintiff must allege "(1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the

defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries." Id. With respect to the third element, the defendant's conduct must be "objectively unreasonable." Id. (citing Kingsley, 135 S. Ct. at 2473).

Here, Plaintiff fails to establish that any defendant's intentional act or decision put Plaintiff at risk of serious harm, or that any defendant acted unreasonably in light of a perceived risk. Plaintiff names defendants CFMG and Truffa, Blake, and Dailey in general terms without attributing violations to any one of them. Plaintiff does not include facts or claims from which it could be concluded that it was unreasonable to have him treated by the jail medical provider rather than a "workman's comp doctor." He does not include facts or claims from which it could be concluded that the medical provider's actions, or those of anyone else, were unreasonable.

**V.      Conclusion**

Plaintiff's second amended complaint fails to state a claim, and the Court finds that granting further leave to amend would be futile. Therefore, based on the foregoing, IT IS HEREBY RECOMMENDED THAT:

1. This case be DISMISSED, with prejudice, for failure to state a claim.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendation, Plaintiff may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   August 18, 2017              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE